IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-mj-00274-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE WASSON,

    Defendant.

## ORDER OF DETENTION

This matter was before the Court for a Detention Hearing on October 7, 2025. Assistant United States Attorney J.D. Rowell represented the government, and Assistant Federal Public Defender Kilie A. Latendresse represented the defendant, Jesse Wasson. The Court invited either party to continue the matter to prepare further, but both parties were willing to proceed.

**Based on the factual and legal findings as established herein, the Court has concluded that the government has proven that there are no conditions or combination of conditions that will: a) reasonably assure the safety of the community and b) reasonably assure the appearance of the defendant as required in the Southern District of Ohio.**

The government alleges that, in violation of 21 U.S.C. §§ 841(a)(1) and 846, the defendant distributed and conspired with at least two other individuals to distribute and possess with intent to distribute various controlled substances, including:

    a) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine;

1

Case No. 1:25-mj-00274-TPO    Document 13    filed 10/09/25    USDC Colorado    pg 2
Case: 2:25-cr-00164-EAS Doc #: 19 Filed: 10/10/25 Page: 2 of 6  PAGEID #: 129
of 6

    b) Less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana;

    c) A mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

    d) A mixture or substance containing a detectable amount of dimethyltryptamine (DMT);

    e) A mixture or substance containing a detectable amount of mescalin;

    f) A mixture or substance containing a detectable amount of methylenedioxymethamphetamine (MDMA);

    g) A mixture or substance containing a detectable amount of cocaine;

    h) A mixture or substance containing a detectable amount of ketamine;

    i) A mixture or substance containing a detectable amount of alprazolam;

    j) A mixture or substance containing a detectable amount of clonazepam;

    k) A mixture or substance containing a detectable amount of diazepam;

ECF 1. These are offenses covered by 18 U.S.C. § 3142(f)(1) of the Bail Reform Act so the government is entitled to request a detention hearing. The specific statute also carries with it a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A). This means that if the defendant failed to produce some evidence in support of release, then the Court must detain defendant. *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991).

    The Court is mindful of the operative case law and the Bail Reform Act's clear instruction that detention is a last resort. The Supreme Court has echoed that very sentiment: "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Court has taken judicial notice of the Court's file, the Indictment filed by the government in the Southern District of Ohio [ECF 1], the government's exhibits filed at ECF 4, the contents of the search warrant found at 25-sw-01362-NRN, proffers made by government counsel and defense counsel, and the relevant case law.

After considering all the aforementioned information, I conclude, first, that the defendant met their burden of production by producing some evidence in support of release.

As it relates to the burden of persuasion, that burden remains with the government at all times. Here, the government has demonstrated by clear and convincing evidence that no conditions or combination of conditions exist that will reasonably assure the safety of the community, and, by a preponderance of the evidence that no conditions or combination of conditions will reasonably

3

assure the appearance of the defendant as required in the Southern District of Ohio. Therefore, the defendant is remanded to the custody of the U.S. Marshal.

In support of the Court's ruling, the Court provides the following analysis:

(a) *Nature and Circumstances of the Offense* – the conduct alleged by the government is both serious and dangerous. Specifically, the government alleged that between January of 2024 and October of 2025, the defendant, along with their co-defendants, trafficked a large quantity of various types of controlled substances, including methamphetamine, cocaine, and MDMA. ECF 1. The defendants did so by running a sophisticated online drug market where orders would be placed online with bitcoin and deliveries of controlled substances were made utilizing the United States Postal Service. *Id.* According to the government, this defendant's role was to control the administrative and financial side of the operation, coordinating the transactions and receiving the money from customers through discrete, secure channels. Although the exact amount of distribution is not known, the government proffered that hundreds of thousands of dollars were received as proceeds by the defendants. When law enforcement recently searched a residence of two of the co-defendants, they found a smorgasbord of controlled substances. ECF 4. The defendant later admitted to their involvement in this online drug marketplace. This is a serious drug offense. "[T]he risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community." *United States v. Pina-Aboite*, 97 Fed. App'x. 832, 836 (10th Cir. 2004) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

Also, the alleged offense carries a mandatory minimum of ten years' imprisonment with a maximum of life imprisonment. The offense also carries a presumption of detention. Based on the amount of drugs involved and the defendant's alleged significant role in the offense, the likely guideline range will be more than the mandatory minimum prison term.

**This factor weighs heavily in favor of defendant's detention.**

(b) *Weight of the Evidence* – the government's evidence appears strong. The government detailed both in the Search Warrant, as supplemented during the Detention Hearing, that the defendant participated in a large-scale drug conspiracy. Those allegations were corroborated by the quantity of drugs found in the co-defendant's residence and the money believed to have been funneled into the defendants' bank account. ECF 1 in 25-sw-01362-NRN. As additional evidence, the defendant confessed to their involvement in the criminal enterprise. While this Court appreciates that these are only allegations at this stage, that the defendant still enjoys the presumption of innocence, and that defense counsel does not have access to the discovery materials related to the case, the weight of the evidence appears strong.

4

**This factor weighs in favor of the defendant's detention.**

(c) *The History and Characteristics of the Defendant* – this factor contains evidence favoring both release and detention. On the side of release, the Court considers the following (not an exclusive list):

1) The defendant has no criminal history,
2) The defendant is married,
3) The defendant is enrolled in a pathway program to an associate's degree, and after the first semester is receiving good grades,
4) The defendant is involved in the lives of several children, and
5) The defendant's wife is willing to act as a third-party custodian.

On the side of detention, though, are the following facts:

1) The defendant participated in the alleged conduct over a sustained period,
2) The defendant possessed a firearm,
3) The defendant obtained instructional information about how to conduct online drug sales, and
4) The defendant demonstrated a proficiency for navigating cryptocurrency and private forms of communication consistent with underground criminal activity.

**This factor is neutral or slightly favors release.**

(d) *Nature and the Seriousness of the Danger to any Person or the Community* – as described above, the danger presented by an individual that traffics narcotics in large quantities is significant. This danger is even more elevated when it is accompanied by the possession of a firearm.

**This factor favors detention.**

In conclusion, nearly all of the §3142(g) factors favor detention in this case. The Court finds that at this time, the government has demonstrated by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of the community or the appearance of the defendant as required. *The Court advises the defendant, echoing what was said during the Hearing, that the Detention Hearing may be reopened should they "find[] that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will*

5

*reasonably assure the appearance of the person as required and the safety of the community."* 18 U.S.C. §3142(f).

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding in the Southern District of Ohio as soon as practicable.

DATED and ENTERED this 9th day of October, 2025.

By the Court:

s/ *Timothy P. O'Hara*
Timothy P. O'Hara
United States Magistrate Judge